13:10:39

```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - X
UNITED STATES OF AMERICA    )     21CR6140
                            )
vs.
                                  Buffalo, New York
RAEKWON GREEN,              )     August 17, 2021
          Defendant.              11:00 a.m.
- - - - - - - - - - - - - X
```

**CONTINUATION OF DETENTION HEARING**
**Transcribed from an Electronic Recording Device**


```
              TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE MARIAN W. PAYSON
            UNITED STATES MAGISTRATE JUDGE


              JAMES P. KENNEDY, JR., ESQ.
              United States Attorney
              BY:  BRETT A. HARVEY, ESQ.
              Assistant United States Attorneys
              100 State Street
              Rochester, New York 14614


              MICHAEL PATRICK SCHIANO, ESQ.
              The Schiano Law Office
              315 Wilder Building
              One East Main Street
              Rochester, NY 14614

              S. Whitcomb, USPO
```

**COURT REPORTER: Karen J. Clark, Official Court Reporter**
              **Karenclark1013@AOL.com**
              **100 State Street**
              **Rochester, New York 14614**

|          |    |                                                                  |
|----------|----|------------------------------------------------------------------|
|          | 1  | <u>P R O C E E D I N G S</u>                                     |
|          | 2  | *          *          *                                          |
|          | 3  |                                                                  |
| 09:08:00 | 4  |                                                                  |
| 09:08:00 | 5  | THE CLERK:  United States of America versus                      |
| 13:10:43 | 6  | Raekwon Green, 21CR6140.                                         |
| 13:10:52 | 7  | MAGISTRATE JUDGE PAYSON:  Okay.  Mr.                             |
| 13:10:53 | 8  | Schiano, I haven't seen you on the case yet, but I               |
| 13:10:55 | 9  | understand that you have been retained by Mr. Green.             |
| 13:10:58 | 10 | MR. SCHIANO:  That's correct, your Honor.                        |
| 13:10:59 | 11 | Thank you.                                                       |
| 13:10:59 | 12 | MAGISTRATE JUDGE PAYSON:  Okay.  So just                         |
| 13:11:01 | 13 | procedurally, where we are?  I understand a superseding          |
| 13:11:04 | 14 | indictment was returned in a case before Judge Pedersen,         |
| 13:11:15 | 15 | Mr. Green was included in that indictment.  I understand         |
| 13:13:43 | 16 | Judge Pedersen conducted an arraignment and you'll be            |
| 13:13:46 | 17 | seeing him at 11.                                                |
| 13:13:48 | 18 | MR. SCHIANO:  That's correct, Judge.                             |
| 13:13:48 | 19 | MAGISTRATE JUDGE PAYSON:  Okay.  So, I                           |
| 13:13:51 | 20 | assume this is my last act with respect to this case and         |
| 13:13:55 | 21 | what I wanted to ask Mr. Schiano, I'm prepared to render         |
| 13:13:59 | 22 | my decision on the government's motion for detention,            |
| 13:14:02 | 23 | unless there is any reason why you, as Mr. Green's               |
| 13:14:05 | 24 | counsel, are asking me not to do that?                           |
| 13:14:07 | 25 | MR. SCHIANO:  No, Judge, you're fine.                            |

|  |  |  |
|---|---|---|
|  | 1 | USA VS. R. GREEN |
| 13:14:10 | 2 | MAGISTRATE JUDGE PAYSON: All right. Let me |
| 13:14:13 | 3 | note, for the record, that at the conclusion of the |
| 13:14:19 | 4 | detention hearing that was held at the end of July, I |
| 13:14:25 | 5 | had inquired about parole violations that have been |
| 13:14:32 | 6 | lodged against Mr. Green in earlier cases and they were |
| 13:14:36 | 7 | noted in the Pretrial Services Report and I was |
| 13:14:39 | 8 | interested in obtaining some more information about |
| 13:14:41 | 9 | that.  I asked the government to see if they could find |
| 13:14:45 | 10 | information.  And, I'm assuming, Mr. Schiano, that you |
| 13:14:49 | 11 | saw the e-mail that Mr. Harvey sent this morning with |
| 13:14:52 | 12 | respect to those parole violations? |
| 13:14:56 | 13 | MR. SCHIANO:  I did, Judge, yes. |
| 13:14:57 | 14 | MAGISTRATE JUDGE PAYSON:  Anything you want |
| 13:14:57 | 15 | to say on that? |
| 13:14:58 | 16 | MR. SCHIANO:  No, Judge. |
| 13:15:10 | 17 | MAGISTRATE JUDGE PAYSON:  Okay.  So the |
| 13:15:10 | 18 | government has made a motion to detain Mr. Green both on |
| 13:15:15 | 19 | the grounds of dangerousness as well as risk of flight. |
| 13:15:20 | 20 | At the time of the detention hearing, Mr. Green was |
| 13:15:24 | 21 | charged in a Complaint, not in an indictment, that was |
| 13:15:27 | 22 | returned later.  The Complaint was sworn out before me. |
| 13:15:32 | 23 | I say that because at the time that I swore out the |
| 13:15:36 | 24 | Complaint, I had to make a probable cause determination |
| 13:16:58 | 25 | at the time the Complaint was sworn out and Mr. Green |

```
                        USA VS. R. GREEN
13:17:01   2   was charged with attempted Hobbs Act robbery as well as
13:17:05   3   brandishing a firearm during and in relation to a crime
13:17:08   4   of violence that related to a violent home invasion
13:17:13   5   robbery at 331 Conrad Drive on March 22, 2020.  The
13:17:21   6   government indicated that the penalties that Mr. Green
13:17:23   7   faces are, if he were to be convicted, there are
13:17:26   8   certainly very serious penalties, a maximum jail
13:17:30   9   sentence of 20 years on the Hobbs Act robbery.  If he
13:17:34  10   were to be convicted of the brandishing of the firearm
13:17:38  11   charge, seven years up to life consecutive to any term
13:17:44  12   of imprisonment on the Hobbs Act robbery.  I conducted a
13:17:51  13   detention hearing, as I said, at the end of July having
13:17:54  14   received a pretrial services report which recommends Mr.
13:18:00  15   Green's detention.  At the detention hearing, the
13:18:04  16   government and the defense proceeded by way of proffer
13:18:08  17   and I considered the report.  I've considered the
13:18:10  18   proffers and the available information regarding the
13:18:15  19   3142 (g) factors that I'm required to consider.  I am
13:18:18  20   aware that the government's motion that is based on
13:18:22  21   dangerousness requires that the government prove that
13:18:26  22   proposition by clear and convincing evidence, that is,
13:18:29  23   that there are no condition or combination of conditions
13:18:32  24   which would reasonably assure the safety of the
13:18:34  25   community were Mr. Green to be released.  As to the
```

```
                        USA VS. R. GREEN
```

13:18:39  2  motion based on risk of flight, the government's burden
13:18:43  3  is a lesser burden, that is, by a preponderance of
13:18:46  4  evidence that there exists no condition or combination
13:18:49  5  of conditions which would reasonably assure the
13:18:51  6  defendant's appearance at court or for sentencing if he
13:18:56  7  were to be convicted.
13:18:59  8             The case, as the government noted, gives
13:19:01  9  rise to a rebuttable presumption that the defendant
13:19:05 10  should be detained.  Congress has determined that a
13:19:08 11  presumption in favor of detention arises in certain
13:19:12 12  cases, and this is a case to which the rebuttable
13:19:14 13  presumption arises.  Let me make a couple of
13:19:18 14  observations about the rebuttable observations.  The
13:19:22 15  government is entitled to revoke it.  The defense
13:19:53 16  proffered information which I have considered in an
13:19:56 17  effort to rebut that.  At the time of the detention
13:19:59 18  hearing, as I indicated, Mr. Green was charged in a
13:20:02 19  Complaint, not in an indictment.  That is significant
13:20:06 20  insofar as an indictment standing alone constitutes a
13:20:11 21  finding of probable cause sufficient for the government
13:20:13 22  to be entitled to rely on a presumption.  In the absence
13:20:17 23  of an indictment, the Court would have to make a
13:20:20 24  probable cause finding.  As I said, I made that on the
13:20:23 25  basis of the Complaint when it was presented to me, but

```
           1                    USA VS. R. GREEN
13:20:26   2    my view has always been, at the time of a detention
13:20:30   3    hearing, I would have to, essentially, make another
13:20:33   4    probable cause determination if there had not been an
13:20:37   5    indictment.  The fact that two weeks have elapsed since
13:20:40   6    the detention hearing and my decision, I don't think
13:20:43   7    should -- Mr. Green shouldn't suffer the consequences of
13:20:49   8    that, so I do want to indicate for the record that I am
13:20:53   9    determining that there is probable cause to support the
13:20:56  10    charges that were made against Mr. Green in the
13:21:01  11    Complaint prior to the indictment.  So I'm not relying
13:21:03  12    on the indictment for a probable cause determination,
13:21:08  13    but I am separately making that determination.
13:21:13  14                 I think that this is a reasonably strong
13:21:16  15    case that the government has made.  I've considered the
13:21:38  16    (g) factors.  Mr. Green is obviously a relatively young
13:21:43  17    man with pretty significant and long criminal history
13:21:47  18    marked by fairly repeated violations of supervision, be
13:21:53  19    they violations of probation or parole.  And you can
13:21:58  20    look at the criminal history and he has got a number of
13:22:01  21    prior convictions that resulted in violations of
13:22:05  22    probation and parole.  I was more interested in the
13:22:07  23    parole violations because they were more recent.  The
13:22:11  24    probation violations occurred some years ago when Mr.
13:22:16  25    Green was younger, in his, I think, the probation
```


USA VS. R. GREEN

violations began at about age 19, if I'm not mistaken. He has a wife, a daughter, mother, siblings here in the area, so he has family support. He has got ties to the community. He and his wife have indicated that he has been working through a temporary agency, although his mother said she didn't have any information about that. But for purposes of the hearing, I will credit that he has engaged in some temporary employment for the last several years and credit that he does not have a GED or a diploma. So, he is employable and has evidently worked, has family connections, and, to my knowledge, other than periods of time that he has been in jail and they have not been insignificant, he appears to be a life-long resident of this area. That notwithstanding, I grant the government's motion for detention relying on the rebuttable presumption. I find that there is probable cause to support the charges. There was much back and forth during the proffers about the reliability of the identifications made by the witnesses and the strength of the government's case. I listened again to those proffers following the actual hearing. I agreed with Mr. Lembke that the pace of Mr. Harvey's presentation was fairly quick and there were a lot of people that were being bantered back and forth, so I

```
             1                    USA VS. R. GREEN
13:24:21     2    wanted to make sure I understood correctly what Mr.
13:24:25     3    Harvey said.  The take away, in my perspective, from the
13:24:31     4    proffers made is that Mr. Green has been charged with
13:24:37     5    serious offenses for which he faces serious penalties.
13:24:42     6    Congress has determined that a rebuttable presumption in
13:24:46     7    favor of detention arises under these circumstances, and
13:24:51     8    that the circumstances being that the defendant has been
13:24:55     9    charged with participation in a violent home invasion
13:25:00    10    robbery.  I say "violent," because the victims evidently
13:25:05    11    indicated that three perpetrators invaded their home.
13:25:11    12    They were dressed in masks, so identification was not
13:25:18    13    easily made and has not been made, to my knowledge, by
13:25:21    14    the residents of the home.  There were two adult
13:25:26    15    residents and two teenage children at the time.  The
13:25:30    16    perpetrators were armed with handguns, held the
13:25:33    17    occupants at gun point, tied one of resident's hands,
13:25:41    18    walked him around the residence to attempt to get him to
13:25:47    19    identify where the government says drugs and money were
13:25:51    20    located.  And based on the government's proffer, I think
13:25:54    21    that is a reasonable inference that that is what the
13:25:57    22    perpetrators were looking for.  There were two
13:26:03    23    statements that were made, which seems to me to be
13:26:09    24    reasonably construed as threats to shoot or kill one of
13:26:14    25    the residents in the event that the perpetrators did not
```

```
                    1                USA VS. R. GREEN
13:26:17    2    find what they were looking for.  Ultimately, they stole
13:26:21    3    cash and personal property and one of the residents was
13:26:27    4    pistol whipped by one of the perpetrators.  Somebody
13:26:31    5    identified as Witness 1, and I think it's pretty clear
13:26:34    6    when you read the Complaint as well as consider the
13:26:38    7    proffer and the indictment, that we know who that is,
13:26:42    8    but I'm not going to state that on the record, but
13:26:45    9    evidently that individual, and this is bourne out by the
13:26:50   10    indictment, is not currently cooperating with the
13:26:57   11    government.  But the government, in response to a
13:26:59   12    question that I asked in the detention hearing,
13:27:01   13    identified that Witness 1 -- identified Witness 1 as the
13:27:06   14    perpetrator who pistol whipped one of the residents.  I
13:27:12   15    am not considering that allegation in making my
13:27:17   16    determination.  It was not part of the government's
13:27:19   17    original proffer, I think, because Witness 1 is no
13:27:22   18    longer cooperating, and that was the source for that
13:27:25   19    information, at least that is what I understand.  And it
13:27:29   20    was only in response to a question that I made that I
13:27:31   21    elicited that information.  And I just want, again, the
13:27:35   22    record to be clear, I'm not relying on that allegation
13:27:38   23    in reaching the determination.  The government did
13:28:05   24    proffer that they have two cooperating witnesses
13:28:09   25    identified as Cooperating Witness 1 and Cooperating
```

|  |  |  |
|---|---|---|
|  | 1 | USA VS. R. GREEN |
| 13:28:13 | 2 | Witness 2 who have provided significant information |
| 13:28:15 | 3 | about the robberies.  They've identified themselves as |
| 13:28:19 | 4 | two of the three perpetrators who entered the residence |
| 13:28:23 | 5 | and they have both identified the defendant as the third |
| 13:28:29 | 6 | perpetrator or, if you consider Witness 1 as the fourth, |
| 13:28:34 | 7 | and, I think, Witness 1 being the individual outside of |
| 13:28:37 | 8 | the residence, they identified the defendant as the |
| 13:28:43 | 9 | third perpetrator or the third person who went inside |
| 13:28:46 | 10 | the house.  CW 1 identified the defendant from a photo |
| 13:28:53 | 11 | array as somebody that he knew as "Bundy" or "Bundles." |
| 13:28:58 | 12 | He also identified CW 2 as one of the perpetrators.  CW |
| 13:29:05 | 13 | 2 admitted his involvement in the robbery, identified -- |
| 13:29:10 | 14 | eventually identified the defendant as a perpetrator |
| 13:29:14 | 15 | over a video identification.  As I understand it, he |
| 13:29:17 | 16 | said that individual looked like the perpetrator, but he |
| 13:29:20 | 17 | could not be 100 percent sure.  There was a later array |
| 13:29:24 | 18 | that was -- or a later display of the same array shown |
| 13:29:28 | 19 | to him and he identified the defendant as one of the |
| 13:29:32 | 20 | perpetrators who had a gun in the 331 Conrad Drive |
| 13:29:38 | 21 | robbery.  Witness 1 provided information, which is |
| 13:30:06 | 22 | consistent with what CW 1 and CW 2 said, although, I |
| 13:30:10 | 23 | understand that he is no longer cooperating and so the |
| 13:30:13 | 24 | government does not expect to call him as a witness at |
| 13:30:20 | 25 | trial.  Although the victims did not identify the |

```
              1                    USA VS. R. GREEN
13:30:24      2   defendant or any of the perpetrators, presumably because
13:30:29      3   they were masked, the information provided by the
13:30:33      4   victims about what happened in a robbery as stated in
13:30:37      5   the Complaint and as proffered by the government at the
13:30:41      6   proffer seems, to me, to be largely consistent with
13:30:45      7   information provided, at least by Victim 1, as set forth
13:30:52      8   in the Complaint.  I compared those two accounts.
13:30:57      9              So, the serious crimes, the government has
13:31:05     10   reasonably strong evidence against the defendant.  Two
13:31:10     11   of the -- two perpetrators who identified themselves as
13:31:15     12   having been involved in the home invasion robbery
13:31:18     13   independently identified this defendant as the third
13:31:24     14   perpetrator.
13:31:27     15              With respect to the defendant's ability to
13:31:32     16   abide by conditions as well as to refrain from criminal
13:31:38     17   conduct if I were to set release conditions, I think his
13:31:42     18   criminal history weighs fairly significantly against a
13:31:45     19   finding that there could be conditions which would
13:31:52     20   reasonably assure safety of the community.  I'm denying
13:32:23     21   the motion by the government on the grounds of risk of
13:32:26     22   flight.  I realize these are very serious offenses with
13:32:30     23   more time than I think Mr. Green has faced previously.
13:32:33     24   And Mr. Green has spent, you know, some time in jail, so
13:32:36     25   there have been some charges.  And I think Mr. Green has
```

|  |  |  |
|---|---|---|
|  | 1 | USA VS. R. GREEN |
| 13:32:40 | 2 | been in jail when those charges were pending.  But I |
| 13:32:44 | 3 | don't see from the criminal history that there is a |
| 13:32:47 | 4 | strong basis for saying that Mr. Green would flee and |
| 13:32:50 | 5 | not show up to court.  But with respect to refraining |
| 13:32:55 | 6 | from criminal conduct and abiding by release conditions, |
| 13:32:59 | 7 | I think the criminal history weighs significantly |
| 13:33:03 | 8 | against him as to those considerations.  His criminal |
| 13:33:09 | 9 | history includes four prior felony convictions, two |
| 13:33:13 | 10 | attempted burglaries in the second degree.  The first as |
| 13:33:18 | 11 | a quite young man, age 16.  The next one, the next year, |
| 13:33:24 | 12 | but significantly the felony, first felony conviction, |
| 13:33:30 | 13 | was followed by three violations of probation ultimately |
| 13:33:34 | 14 | resulting in a resentence of one to three years of |
| 13:33:38 | 15 | imprisonment.  Paroled eventually.  A parole violation |
| 13:33:44 | 16 | in 2015 for the reasons that the government explained in |
| 13:33:47 | 17 | the e-mail.  According to the government, the defendant |
| 13:33:49 | 18 | was violated for selling marijuana, failing to attend |
| 13:33:53 | 19 | treatment and failing to get a job.  He was ultimately |
| 13:33:56 | 20 | sentenced to 18 months to three years imprisonment on |
| 13:33:59 | 21 | that parole violation.  The felony, the second felony, |
| 13:34:05 | 22 | attempted burglary in 2013, was committed while on |
| 13:34:08 | 23 | probation.  There was the subsequent felony possession |
| 13:34:12 | 24 | of stolen property for which the defendant was sentenced |
| 13:34:14 | 25 | to 18 months to three years.  Parole was again revoked |

```
                1     USA VS. R. GREEN
13:34:18        2   on that, apparently, my inference, is based on the same
13:34:23        3   conduct as led to the parole violation on the first
13:34:29        4   attempted burglary conviction.  Subsequent to that, the
13:34:33        5   defendant was convicted of felony criminal possession of
13:34:36        6   controlled substance with intent to sell for which he
13:34:40        7   received a 30-month imprisonment, one-year post-release
13:34:44        8   supervision.  He was paroled in 2017.  That parole
13:34:47        9   was -- he faced a violation of parole and that parole
13:34:53       10   was revoked there as well based on possession of
13:34:58       11   marijuana, curfew violations and visiting gang members
13:35:01       12   in jail.  And then, unfortunately, the criminal conduct
13:35:08       13   continued, and he has three misdemeanor convictions; two
13:35:12       14   controlled substance convictions, no, three controlled
13:35:16       15   substance convictions.  One was introducing contraband
13:35:19       16   into the prison, two occurred in 2019, and the final
13:35:23       17   misdemeanor in 2020.  So that is a fairly consistent,
13:35:30       18   unfortunately, an unabated record of criminal conduct.
13:35:35       19             So, based on the charges, the rebuttable
13:35:41       20   presumption, the evidence as well as the criminal
13:35:44       21   history and history of parole and probation violations,
13:35:47       22   I grant the government's motion for detention and I find
13:35:50       23   that the motion is supported by clear and convincing
13:35:54       24   evidence, that there are no conditions or combination of
13:35:57       25   conditions the Court could set which could reasonably
```

```
                              USA VS. R. GREEN
13:36:01    2   assure the safety of the community or the defendant to
13:36:03    3   be released.  Defense certainly has the right to seek
13:36:06    4   review of my determination.
13:36:08    5              MR. SCHIANO:  Thank you, Judge.
13:36:08    6              MAGISTRATE JUDGE PAYSON:  I think that's it,
13:36:11    7   unless anybody has anything else.
13:36:13    8              MR. HARVEY:  No.  Thank you, Judge.  Thank
13:36:15    9   you.
13:36:15   10              MAGISTRATE JUDGE PAYSON:  All right.  Thank
13:36:16   11   you.
           12                         *    *    *
```

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript of the record to the best of my ability of proceedings transcribed from the audio in the above-entitled matter.

S/ Karen J. Clark,  RPR
Official Court Reporter