IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

RAEKWON GREEN a/k/a Bundy a/k/a Bundles,

Defendant.

20-CR-6140-FPG

---

## PLEA AGREEMENT

The defendant, **RAEKWON GREEN a/k/a Bundy a/k/a Bundles**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Counts 1 and 4 of the Superseding Indictment which charge:

   a. In Count 1, a violation of Title 18, United States Code, Section 1951(a) (Hobbs Act Conspiracy), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years; and

   b. In Count 4, a violation of Title 18, United States Code, Sections 1951(a) and 2 (Attempted Hobbs Act Robbery), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.

c.   The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 4 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 18 U.S.C. § 1951(a) (Hobbs Act Conspiracy)

First, the defendant knowingly and willingly agreed with one or more individuals to obstruct, delay, or affect interstate commerce, by unlawfully taking property by means of actual or threatened force, or violence or fear of injury; and

Second, the defendant knowingly participated in the conspiracy.

### Count 4 - 18 U.S.C. §§ 1951(a) and 2 (Attempted Hobbs Act Robbery)

First, the defendant intended to commit the crime of robbery; that is, the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence or fear of injury, to his or her person or property;

2

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime of robbery; and

Third, that interstate commerce, or an item moving in interstate commerce, was either affected by the defendant's actions or would have been so affected in any way or degree, if the attempted robbery had been successful.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

    a.  Between in or about February 2020, and in or about April 1, 2020, in Monroe County, in the Western District of New York, the defendant, **RAEKWON GREEN a/k/a Bundy a/k/a Bundles**, did knowingly, willfully and unlawfully conspire and agree with Robert Forbes, Jr. a/k/a Ra Ra a/k/a Henny, Xavier Glover a/k/a Zay a/k/a Zay Zay, Jefery Steadman-Loyd, and others, to obtain or take the personal property of another, or from the presence of another, against the persons' will, by actual or threatened force, violence, or fear of injury.

    b.  In furtherance of the conspiracy, the defendant, Robert Forbes, Jr. a/k/a Ra Ra a/k/a Henny, Jefery Steadman-Loyd, Xavier Glover a/k/a Zay a/k/a Zay Zay, and others did knowingly, willfully, and unlawfully obtain and take, and attempt to obtain and take, against the persons' will, by threatened force, violence, or fear of injury to their person, property, to wit, controlled substances and U.S. currency, from locations and persons in Monroe County, Western District of New York, from individuals and locations the defendant believed to be involved in the illegal possession and distribution of narcotics.

    c.  On or about March 22, 2020, at 331 Conrad Drive, in the Town of Greece, Monroe County, Western District of New York, the defendant – along with Robert Forbes, Jr. a/k/a Ra Ra a/k/a Henny, Xavier Glover a/k/a Zay a/k/a Zay Zay, and Jefery Steadman-Loyd – did unlawfully attempt to obtain and take property from Victims B and C against their will, by threatened force, violence or fear of injury to the persons of Victims B and C.

    d.    Specifically, on March 22, 2020, the defendant, Forbes, Glover and Steadman-Loyd went to 331 Conrad Drive for the purpose of unlawfully taking and obtaining controlled substances and money derived from the sale of controlled substances from the residence. Forbes drove the defendant, Glover and Steadman-Loyd to 331 Conrad Drive for the purpose of committing the robbery. Forbes also gave Glover a handgun to use during the robbery. The defendant, Glover and Steadman-Loyd – who were armed with handguns – entered the residence and encountered two adult occupants, Victims B and C. During the attempted robbery, they pointed guns at Victims B and C, demanded drugs from Victims B and C, and searched the house for drugs but did not find any. They ultimately stole, among other things, a Sony PlayStation gaming system and some cash from Victim B. Forbes stayed in the car during the robbery and gave the other perpetrators instructions over a cell phone. After the robbery, the defendant, Glover and Steadman-Loyd returned to the car, where Forbes was waiting, and Forbes drove them away from the scene. During the robbery, Victim B was beaten, had a gun pushed into his back, was pistol whipped, had his hands tied, and sustained a leg fracture. The defendant admits and agrees that interstate commerce, or an item in interstate commerce, would have been obstructed, delayed or affected, if the attempted Hobbs Act robbery had been successful.

    e.    The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B3.1(a) applies to the offenses of conviction and provides for a base offense level of 20.

4

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics apply:

- a. the six-level increase pursuant to Guidelines § 2B3.1(b)(2)(B) (use of firearm);
- b. the two-level increase pursuant to Guidelines § 2B3.1(b)(3)(A) (victim sustained bodily injury);
- c. the two-level increase pursuant to Guidelines §2B3.1(b)(4)(B) (restraint of victim); and
- d. the one-level increase pursuant to Guidelines § 2B3.1(b)(6) (object of offense was controlled substance).

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the defendant's adjusted offense level is 31.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 28.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is VI. The defendant understands that the defendant has

no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **28** and criminal history category of **VI**, the defendant's sentencing range would be a term of imprisonment of **140 to 175 months**, a fine of **$25,000** to **$250,000**, and a period of supervised release of **1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement for the counts of conviction.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

6

recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

15. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's pleas of guilty are withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement (including the amount of restitution and a fine and the method of payment);

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **140 to 175 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **140 to 175 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

### VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, **RAEKWON GREEN a/k/a Bundy a/k/a Bundles**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement

supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS<br>
United States Attorney<br>
Western District of New York

BY: _____
ROBERT A. MARANGOLA
Assistant U.S. Attorney

Dated: June 20, 2024

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, MICHAEL P. SCHIANO, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
RAEKWON GREEN
Defendant

Dated: June 20, 2024

_____
MICHAEL P. SCHIANO, ESQ.
Attorney for the Defendant

Dated: June 20, 2024